ALBRIGHT *v.* TAYLOR.

Opinion delivered March 21, 1932.

*J. F. Parish* and *H. U. Williamson,* for appellant.

*C. M. Erwin,* for appellee.

HART, C. J., (after stating the facts). Under our rules of practice, in equity exhibits to the complaint control its averments, and may be looked to for the purpose of testing the sufficiency of the allegations of the complaint. *Moore* v. *Exelby,* 170 Ark. 908, 281 S. W. 671.

The general rule is that, where a deposit is made in a bank with the distinct understanding that it is to be held by the bank for the purpose of furthering a transaction between the depositor and a third person, or where it is made under such circumstances as give rise to a necessary implication that it is made for such a purpose, the deposit becomes impressed with a trust which entitles the depositor to a preference over the general creditors of the bank, where it becomes insolvent while holding the deposit. See case notes to 31 A. L. R., at page 473; 39 A. L. R. 930; 57 A. L. R. 386; and 60 A. L. R. 336.

Among the many cases cited in support of the rule is *Covey* v. *Cannon,* 104 Ark. 550, 149 S. W. 514. In that case, the general rule was stated by the court substantially as above. It was held that, where checks, given as part of the purchase price of lands, and either made payable to a certain bank or indorsed to it, and where delivered to the bank to be held until the sales were completed, with no intention that the checks should be cashed and the money deposited to the credit of the drawers,

the deposits were special, and the relation of debtor and creditor was not established, though the bank cashed the checks and mingled the proceeds with its funds. It was further held that, where a bank has mingled trust money with its own funds, money paid from such fund for its own purposes will be presumed to have been paid from its own money and not from the trust funds; but, where the mingled fund is at any time reduced below the amount of the trust fund, the latter must be regarded to that extent as dissipated, and sums subsequently added from other sources cannot be treated as a part of the trust fund.

In that case, as here, the account was marked, "escrow," and the court in its opinion recognized that this showed that the bank received the fund upon the express condition that it was not to be mingled with its own funds, and that it was intended by the parties that it should be a trust fund. The checks were given to the bank with the understanding that they were to be held for the seller until the transaction was completed and delivered to him. Hence this act constituted a deposit for a special purpose, and, as such, was impressed with a trust entitling the vendor to preference on the bank's insolvency, provided he could trace the funds or their equivalent as pointed out in the opinion. The court said: "It was not the purpose nor intention of Mason or Cannon, upon placing the checks and drafts with the contracts of purchase and the deeds to be held in the bank and delivered when the trades were consummated, that the checks should be cashed and the money deposited therein to their credit, and the bank did not understand that such was the purpose, as clearly shown by its marking the account 'escrow' in each instance. This was all done without the knowledge of either of the parties, and doubtless for its own convenience to identify the fund. Said deposits, in any event, were not general, but special, deposits for a particular purpose. The funds were so placed to the credit of these individuals as depositors without right and authority, and wrongfully mingled with

the funds of the bank. The ordinary relation of debtor and creditor was not thereby established, nor did the funds lose their character as trust funds by being so wrongfully used and commingled with the funds of the bank.''

Other cases recognizing the principle will be found in the case note to 31 A. L. R., pp. 476-478.

In *Shulz* v. *Bank of Harrisonville,* (Mo. App.) 246 S. W. 614, in a similar case, the bank marked the deposit slip with the word ''escrow,'' and it was held to constitute a special deposit impressed with a trust.

Again, in *Bank of Rison* v. *Layne & Bowler Company,* 173 Ark. 368, 292 S. W. 126, the court held that an escrow agreement with a bank, providing that the deposit in escrow should be paid out only to plaintiff company engaged in drilling a well for a depositor, was not *ultra vires.*

See also *Brogan* v. *Creip,* 116 Kan. 506, 227 Pac. 261, 37 A. L. R. 126, and case note.

But it is insisted that such holding would be contrary to the rule announced in *Blalock* v. *Bank of Mc-Crory,* 170 Ark. 597, 280 S. W. 650, where it was held that money deposited under a special act in a certain bank, to the credit of the county treasurer, to pay the expenses of a special election to be held on the question of the removal of the county seat, created the relation of debtor and creditor between the bank and the county treasurer. There was nothing in the account to show that the parties intended it to be a special deposit. The record shows that the sum of $400 was deposited in the bank, ''subject to the check of the county treasurer, for the purpose of paying the expense of said election.'' The court expressly passed over the question as to the validity of the provision of the statute in regard to the deposit of funds by the citizens of the town of McCrory, on the ground that no issue was raised on that feature of the case. Continuing, the court said that the funds had been deposited in the bank and thereby came into the hands of the treasurer, and, like any other deposit, created the

relation of debtor and creditor between the appellant as treasurer and the bank as depository. No reference was made to the case of *Covey* v. *Cannon, supra,* and this indicates that the court had no intention whatever of overruling it.

Here a copy of the account is placed in the record, and it shows that the parties intended that it should be a special deposit. We are of the opinion that the deposit in this case is a prior claim, as defined in § 1, subdivision 4, of act 107 of the Acts of 1927, which reads as follows:

"The owner of a special deposit, expressly made as such in said bank, evidenced by a writing signed by said bank at the time thereof, and which it was not permitted to use in the course of its regular business."

We are of the opinion that plaintiff's claim should be regarded as a special deposit and treated as a trust fund, and that he should have been awarded a preference under the statute. Therefore the decree will be reversed, and the cause will be remanded for further proceedings in accordance with the principles of equity, and not inconsistent with this opinion.